UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>V.<br><br>ESSA BANK & TRUST,<br><br>*Defendant*. | Civil Action No. 23-CV-2065-MMB |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF ANTI-DISCRIMINATION ORGANIZATIONS FOR LEAVE
TO PARTICIPATE AS *AMICI CURIAE*

Eli Segal
John S. Stapleton
STAPLETON SEGAL COCHRAN LLC
1760 Market Street, Suite 403
Philadelphia, PA 19103
(215) 561-1500
esegal@stapletonsegal.com

Daniel Urevick-Ackelsberg
Olivia Mania
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1316
dackelsberg@pubintlaw.org

Attorneys for Proposed *Amici Curiae*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

I. Introduction ..................................................................................... 1

II. Identification of Proposed Amici Curiae ........................................ 1

III. Legal Standard ................................................................................ 3

IV. Argument ........................................................................................ 4

    A. Proposed *Amici Curiae* have a special, unrepresented interest in this matter ........................................................................................... 4

    B. Proposed *Amici Curiae*'s participation will be useful to this Court ......... 5

    C. Proposed *Amicus Curiae* make a "strong" and "responsible presentation," even if they desire a specific outcome in this matter ......... 7

V. Conclusion .................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Burlington v. News Corp.*,
  No. CIV.A. 09-1908, 2015 WL 2070063 (E.D. Pa. May 4, 2015) .................5

*C.P. v. New Jersey Dep't of Educ.*,
  No. CV 19-12807, 2019 WL 6907490 (D.N.J. Dec. 19, 2019) ......................8

*Commonwealth v. Trident Mortgage Company, L.P.*, No. 220702334 (Phila. C.P.
  July 27, 2022) .......................................................................................2

*Consumer Fin. Prot. Bureau v. Trident Mortg. Co.*,
  No. 2:22-cv-02936 (E.D. Pa.)...........................................................................1

*Dobson Mills Apartments, L.P. v. City of Phila.*,
  No. 21-CV-273, 2022 WL 558348 (E.D. Pa. Feb. 23, 2022)..........................4

*Dwelling Place Network v. Murphy*,
  No. 20-6281, 2020 WL 3056305 (D.N.J. June 9, 2020) .................................9

*Ferreras v. Am. Airlines, Inc.*,
  No. 16-2427, 2017 WL 1156737 (D.N.J. Mar. 28, 2017)...............................8

*Granillo v. FCA US LLC*,
  No. 16-153, 2018 WL 4676057, (D.N.J. Sept. 28, 2018) ...............................4

*Harris v. Pernsley*,
  820 F.2d 592 (3d Cir. 1987) .......................................................................6, 7

*Kyocera Document Sols. Am., Inc. v. Div. of Admin.*,
  708 F. Supp. 3d 531 (D.N.J. 2023)..................................................................5

*Liberty Res., Inc. v. Phila. Hous. Auth.*,
  395 F. Supp. 2d 206 (E.D. Pa. 2005)...................................................... passim

*Martinez v. Cap. Cities/ABC-WPVI*,
  909 F. Supp. 283 (E.D. Pa. 1995)....................................................................3

*Mayberry v. Maroney*,
    529 F.2d 332 (3d Cir. 1976) ...........................................................................7

*Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*,
    293 F.3d 128 (3d Cir. 2002) ......................................................................8, 9

*New Jersey Prot. & Advoc., Inc. v. Twp. of Riverside*,
    No. 04-5914, 2006 WL 2226332, (D.N.J. Aug. 2, 2006)................................5

*Panzer v. Verde Energy USA, Inc.*,
    No. CV 19-3598, 2021 WL 2186422 (E.D. Pa. May 27, 2021)......................8

*Price v. Corzine*,
    No. 06-1520, 2006 WL 2252208 (D.N.J. Aug. 7, 2006)................................3

*Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*,
    576 U.S. 519 (2015).......................................................................................6

*United States v. Akaalbi*,
    223 F. Supp. 2d 583 (D.N.J. 2002)................................................................8

*United States v. Alkaabi*,
    223 F. Supp. 2d 583 (D.N.J. 2002)................................................................4

*United States v. Bayer Corp.*,
    No. 07-0001, 2014 WL 12625934 (D.N.J. Oct. 23, 2014)............................5

**Other Authorities**

*About Us*, HOUSING EQUALITY CENTER OF PENNSYLVANIA,
    https://www.equalhousing.org/about-us/ (last visited June 1, 2025) ..............1

## I. Introduction

Housing Equality Center of Pennsylvania, POWER Interfaith, and National Fair Housing Alliance collectively seek to participate in this action as *amici curiae*. They do so to assist this Court in assessing the consequences of the United States' Unopposed Motion to Terminate Consent Order and Dismiss with Prejudice, filed before this Court on Friday, June 6, 2025.

## II. Identification of Proposed Amici Curiae

Founded in 1956, proposed *Amicus Curiae* Housing Equality Center of Pennsylvania ("HEC") is a nonprofit organization and the nation's oldest fair housing council, predating even the enactment of the Fair Housing Act. *About Us*, HOUSING EQUALITY CENTER OF PENNSYLVANIA, https://www.equalhousing.org/about-us/ (last visited June 1, 2025). Its mission is to advance fair and equal access to housing opportunities for all Pennsylvanians. HEC is well-respected in its field and is called upon by those in and out of government to support attempts to eradicate discrimination. By way of example, it has collaborated with the Pennsylvania Attorney General's office to lead testing investigations of Trident Mortgage, helping lead to a series of consent orders with the United States, Commonwealth of Pennsylvania, and State of New Jersey. *See, e.g., Consumer Fin. Prot. Bureau v. Trident Mortg. Co.*, No. 2:22-cv-02936 (E.D. Pa.), ECF No. 14; *Commonwealth v. Trident Mortgage Company, L.P.*, No.

220702334 (Phila. C.P. July 27, 2022), https://www.attorneygeneral.gov/wp-content/uploads/2022/07/2022-07-27-Redlining-AVC.pdf. HEC has a special interest in eradicating discrimination in housing markets and ensuring that consent orders across the Delaware Valley are carried out through completion.

Proposed *Amicus Curiae* POWER Interfaith ("POWER") is a non-partisan, non-profit, faith-based community organizing network of fifty Pennsylvania religious congregations that brings together people across race, income level, faith, and zip code to build power to accomplish policy change. Core to POWER's mission is a belief in the need for justice for Pennsylvania's working-class communities, low-income communities, and communities of color. Since 2010, POWER's work includes organizing to fight for integrated neighborhoods with growing economic opportunities, rather than broken economic systems that allow thousands of properties to fall into foreclosure and abandonment.

Proposed *Amicus Curiae* National Fair Housing Alliance ("NFHA") is a national organization dedicated to ending discrimination and ensuring equal opportunity in housing for all people. Founded in 1988, NFHA is a consortium of over 200 private, nonprofit fair housing organizations, state and local civil rights agencies, and individuals. NFHA strives to eliminate all forms of housing and lending discrimination and ensure equal housing opportunities through its community development, education and outreach, responsible AI, member

2

services, public policy and advocacy, consulting and compliance, and enforcement initiatives. Relying on the Fair Housing Act, Equal Credit Opportunity Act and other civil rights laws, NFHA undertakes enforcement initiatives in cities and states across the country.

### III. Legal Standard

Squarely within the "inherent authority" of a district court is the power "to appoint *amicus curiae* to assist in a proceeding," particularly where an *amicus* brief is helpful to the Court in evaluating the matter before it. *Martinez v. Cap. Cities/ABC-WPVI*, 909 F. Supp. 283, 286 (E.D. Pa. 1995); *accord Price v. Corzine*, No. 06-1520, 2006 WL 2252208, at *2 (D.N.J. Aug. 7, 2006) (citations omitted).

District courts deciding motions to accept an *amicus* filing may consider whether: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). These factors are often analyzed in concert with the Third Circuit's overlapping analysis under Federal Rule of Appellate Procedure 29, including whether a movant has (a) an adequate interest in the litigation, (b) whether such participation is desirable, and (c) whether it is relevant. *See, e.g.*, *Martinez*, 909 F. Supp. at 286; *United States v. Alkaabi*, 223 F. Supp. 2d

583, 592 (D.N.J. 2002). Courts considering such a motion routinely ask whether such a brief is necessary or unnecessary and whether "the interests of the amicus are adequately protected in the case." *Dobson Mills Apartments, L.P. v. City of Phila.*, No. 21-CV-273, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022).

## IV.   Argument

Proposed *Amici Curiae* have a special, unrepresented interest in this matter. Moreover, the information provided by their Proposed Brief is relevant and useful to the Court as it considers the United States' Motion.

### A. Proposed *Amici Curiae* have a special, unrepresented interest in this matter

A party seeking *amicus* status must demonstrate that it has a special interest in the case, and that such interest is unrepresented in the matter. *See, e.g.*, *Liberty Res.*, 395 F. Supp. 2d at 209; *Granillo v. FCA US LLC*, No. 16-153, 2018 WL 4676057, at *4 (D.N.J. Sept. 28, 2018).

Proposed *Amici Curiae* meet this standard. They have a long—in one case six decades long—history of working to ensure that housing and lending markets of Pennsylvania and the nation are free from discrimination. They have a special interest in the outcome of consent orders that hold lenders accountable for alleged redlining practices. And as organizations that fight for housing justice, they have a special interest in ensuring that the specific remedial work required by this Consent Order continues for an additional three years. In other words, Proposed *Amici*

*Curiae* have the precise "record of robust advocacy" that meets this standard. *Kyocera Document Sols. Am., Inc. v. Div. of Admin.*, 708 F. Supp. 3d 531, 542 n. 16 (D.N.J. 2023); *see also Liberty Res.*, 395 F. Supp. 2d at 209–210 (E.D. Pa. 2005) (granting *amicus* status for advocacy organization to assist court in understanding rights of third parties); *United States v. Bayer Corp.*, No. 07-0001, 2014 WL 12625934, at *1 (D.N.J. Oct. 23, 2014) (granting *amicus* status to associations that "have a strong interest in the outcome of th[e] case, particularly as it relates to the federal regulatory and statutory scheme" at issue). Moreover, Proposed *Amici*'s special interest is now unrepresented before this Court.

### B. Proposed *Amici Curiae*'s participation will be useful to this Court

"The purpose of *amicus* appearances is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *New Jersey Prot. & Advoc., Inc. v. Twp. of Riverside*, No. 04-5914, 2006 WL 2226332, at *5 (D.N.J. Aug. 2, 2006) (internal quotation omitted). Accordingly, *amicus* participation is "especially proper where the amicus will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision or where an issue of general public interest is at stake." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (internal quotation omitted); *see also Burlington v. News Corp.*, No. CIV.A. 09-1908, 2015 WL 2070063, at *3 (E.D. Pa. May 4, 2015)

("[T]he importance of the issues raised counsels in favor of granting amicus status.").

This consideration is particularly relevant when a court is faced with a decision regarding a consent decree, "where third parties can contribute to the court's understanding of the consequences of" a proposed course of action of the parties. *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987) (affirming district court's decision to hear from third party on the terms of a consent decree as "entirely appropriate").

The Consent Order at issue uses the power of foundational civil rights statutes to help remediate the scourge of discrimination and ensure that all Americans can access housing opportunities in any neighborhood they choose. Such efforts have long been understood to be in the public interest. *Cf. Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 546–47 (2015) ("The [Fair Housing Act] must play an important part in avoiding the Kerner Commission's grim prophecy that our Nation is moving toward two societies, one black, one white—separate and unequal. . . . The Court acknowledges the Fair Housing Act's continuing role in moving the Nation toward a more integrated society."); *see also* Consent Order at 2, ECF No. 6 (finding that the Consent Order's entry was "in the public interest").

Within that broader context, participation of Proposed *Amici Curiae* will ensure this Court has a "complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (citation omitted). For example, the Proposed Brief will assist this Court in doing what the United States has not: analyzing the standards for relief under Rule 60. *See* Proposed Br. at 9–15.

Most critically, as explained more fully in their Proposed Brief, Rule 60 requires this Court to consider whether terminating this duly entered Consent Order is "in the interest of justice." *Mayberry v. Maroney*, 529 F.2d 332, 335 (3d Cir. 1976) (emphasis added); *see also* Proposed Br. at 16–18. And here, Proposed *Amici Curiae* are helpful, as well, by providing the Court with the only opposition to the United States' motion—all in order to "contribute to the court's understanding of the consequences of" the possible termination of the Consent Order. *See Harris*, 820 F.2d at 603. Given the unusual circumstances, with this Court hearing from no opposition to the instant motion, participation by Proposed *Amici Curiae* will especially assist this Court with a matter of significant public importance.

### C. Proposed *Amicus Curiae* make a "strong" and "responsible" presentation," even if they desire a specific outcome in this matter

Courts also consider whether a proposed *amicus* is overly partial, often understood to mean whether a party has a pecuniary interest or legally protected

7

interest in the matter. *See Panzer v. Verde Energy USA, Inc.*, No. CV 19-3598, 2021 WL 2186422, at *3–4 (E.D. Pa. May 27, 2021); *United States v. Akaalbi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). But as the above factors indicate, even if an *amicus* has a "side to which it [is] partial, there is no rule . . . that amici must be totally disinterested." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (internal quotation omitted). "[Q]uite the opposite in fact. In order to properly serve as a friend of the court, **an amicus must have an 'interest' in the case.**" *C.P. v. New Jersey Dep't of Educ.*, No. CV 19-12807, 2019 WL 6907490, at *2 (D.N.J. Dec. 19, 2019) (internal quotation omitted) (emphasis added).

It is therefore of little surprise that "parties with pecuniary, as well as policy, interests" in the outcome of cases regularly appear as *amici* before courts across the nation. *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.). "[S]trong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Id.* at 131; *accord Liberty Res.*, 395 F. Supp. 2d at 209 ("Even if [proposed *amicus*] did have a side to which it was partial, there is no rule that amici must be totally disinterested.") (cleaned up); *Ferreras v. Am. Airlines, Inc.*, No. 16-2427, 2017 WL 1156737, at *3 (D.N.J. Mar. 28, 2017) ("Even though each Union by its very nature is an advocate, the Unions are not barred from seeking to

8

make a responsible presentation in support of American's Motion here.") (internal quotations omitted). Accordingly, taking an outcome-specific position in litigation "does not necessarily weigh against granting amicus status," particularly when an *amicus* "takes this stance in furtherance of general public" policy goals. *Dwelling Place Network v. Murphy*, No. 20-6281, 2020 WL 3056305, at *3 (D.N.J. June 9, 2020).

Proposed *Amicus Curiae* are sufficiently impartial. While they desire a specific outcome in this case, Proposed *Amici* also have a decades-long record of fighting discrimination and will present this Court with detailed briefing about the consequences of the United States' motion to terminate the Consent Order. In other words, as then-Judge Alito forecasted, even with small "pecuniary, as well as policy, interests," Proposed *Amici Curiae* will make a "strong but responsible presentation" to "truly serve as the court's friend." *Neonatology Assocs.*, 293 F.3d at 131.

**V.     Conclusion**

Proposed *Amici Curiae* respectfully request that this Court grant their motion, grant them *amici* status, docket their Proposed Brief, and, if appropriate, hold argument on the United States' Motion.

Dated: June 9, 2025                               Respectfully submitted,

<u>By: /s/ Daniel Urevick-Ackelsberg</u>
Daniel Urevick-Ackelsberg
Olivia Mania
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1316
dackelsberg@pubintlaw.org

Eli Segal
John S. Stapleton
STAPLETON SEGAL COCHRAN LLC
1760 Market Street, Suite 403
Philadelphia, PA 19103
(215) 561-1500
esegal@stapletonsegal.com

Attorneys for Proposed *Amici Curiae*